**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000490**
**28-NOV-2018**
**10:08 AM**

NO. CAAP-18-0000490

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CIVIL NO. 17-1-1272
WELLS FARGO BANK, N.A. AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST 2007-2
ASSET-BACKED CERTIFICATES, SERIES 2007-2,
Plaintiff/Counterclaim Defendant/Appellee,
v.
RONALD GIT SUM AU, Defendant/Cross-Claim Plaintiff/
Counterclaim Plaintiff/Appellant,
and
HYUN SOON MAERKI,
Defendant/Cross-Claim Defendant/Appellee,
and
OWNERS OF THE ROYAL IOLANI; TRUSTEES OF THE
ESTATE OF BERNICE PAUAHI BISHOP also known as
KAMEHAMEHA SCHOOLS; and FIRST HAWAIIAN BANK,
Defendants/Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


RONALD GIT SUM AU,
Third-Party Plaintiff/Appellant,
v.
OCWEN LOAN SERVICES, LLC,
Third-Party Defendant/Appellee,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
and DOE ENTITIES 1-20, Third-Party Defendants.

CIVIL NO. 17-1-1842
RONALD AU,
Plaintiff Pro Se/Appellant,
v.

WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2007-2 ASSET-BACK CERTIFICATES,
SERIES 2007-2; OCWEN LOAN SERVICING, LLC; and
HYUN SOON MAERKI, Defendants/Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
and DOE ENTITIES 1-20, Defendants.

---

R. LAREE MCGUIRE and PORTER McGUIRE KIAKONA AND CHOW, LLP,
Parties-in-Interest/Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

ORDER GRANTING SEPTEMBER 12, 2018 MOTION
TO DISMISS APPEAL FOR LACK OF APPELLATE
JURISDICTION AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Defendant-Appellee R. Laree McGuire (McGuire) and Party-in-Interest Porter McGuire Kiakona and Chow LLP's (PMKC) September 12, 2018 motion to dismiss appellate court case number CAAP-18-0000490 for lack of appellate jurisdiction, (2) Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/ Plaintiff/Appellant Ronald Git Sum Au's (Au) September 20, 2018 memorandum in opposition to the September 12, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over Au's appeal from the Honorable Virginia Lea Crandall's

- May 31, 2018 interlocutory order granting McGuire and PMKC's motion to declare Au a vexatious litigant pursuant to Hawaii Revised Statutes (HRS) § 634J-7 (2016), and

- August 3, 2018 interlocutory order denying Au's motion for reconsideration of the May 31, 2018 interlocutory order,

because the circuit court has not yet entered a final judgment in the consolidated cases of Civil No. 17-1-1272-08 and Civil No. 17-1-1842-11, as HRS § 641-1(a) (2016) requires for an appeal

2

from a civil circuit court case under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

We initially note that Au's primary argument in opposition to McGuire and PMKC's September 12, 2018 motion is that McGuire and PMKC lack standing to appear in this appellate case.

> Generally, the requirements of standing to appeal are:
> (1) <u>the person must first have been a party to the action;</u>
> (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and
> (3) such person must be aggrieved by the ruling, <u>i.e.</u>, the person must be one who is affected or prejudiced by the appealable order.

<u>Abaya v. Mantell</u>, 112 Hawaiʻi 176, 181, 145 P.3d 719, 724 (2006) (citation and internal quotation marks omitted; emphasis in original). "In other words, non-parties, who did not or could not intervene, are ordinarily denied standing to appeal." <u>Id.</u> (citation, internal quotation marks, and emphasis omitted). Nevertheless, the record reveals that Au's November 13, 2017 complaint in Civil No. 17-1-1842-11 had expressly named McGuire as a defendant when McGuire and PMKC submitted to the circuit court their joint motion to declare Au a vexatious litigant on December 15, 2018. Furthermore, McGuire is a named partner in the law firm of PMKC, and the circuit court apparently allowed PMKC, as a de facto party, to join McGuire in moving the circuit court to declare Au a vexatious litigant. To the extent that PMKC qualifies as a de facto party, PMKC would appear to have standing to oppose Au in his appeal from the resulting May 31, 2018 interlocutory order and August 3, 2018 interlocutory order.

Separate and independent from the issue whether McGuire and PMKC have standing in this appeal, "appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case." <u>Housing Finance and Development Corp. v. Castle</u>, 79 Hawaiʻi 64, 76, 898 P.2d 576, 588 (1995) (citations, internal quotation marks, and brackets omitted). "The <u>lack of subject matter jurisdiction can never be waived by any party</u> at any time." <u>Id.</u> (citation and internal quotation marks omitted;

emphasis added). "Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal." Id. (citation, internal quotation marks, and brackets omitted).

HRS § 641-1(a) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawaiʻi holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). Where, as here, a circuit court has consolidated multiple cases, "consolidation for convenience pursuant to HRCP Rule 42(a) also causes the cases to merge into one for purposes of determining finality of judgment." Leslie v. Estate of Tavares, 109 Hawaiʻi 8, 12, 122 P.3d 803, 807 (2005). Thus, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Id. at 13, 122 P.3d at 808. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted). The circuit court clerk filed the record on appeal for appellate court case number CAAP-18-0000490 on August 14, 2018, which reveals that the circuit court has neither resolved the multiple substantive claims in the consolidated cases nor entered a separate judgment on those multiple claims. Absent a separate judgment, the May 31, 2018 interlocutory order and the August 3, 2018 interlocutory order

4

are not eligible for appellate review, and we lack appellate jurisdiction over Au's appeal.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the circuit court's May 31, 2018 interlocutory order and August 3, 2018 interlocutory order do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Therefore, IT IS HEREBY ORDERED that McGuire and PMKC's September 12, 2018 motion to dismiss appellate court case number CAAP-18-0000490 is granted, and appellate court case number CAAP-18-0000490 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions (including, but not limited to, Au's August 31, 2018 motion in docket numbers 30-40 in the appellate pleadings index) in appellate court case number CAAP-18-0000490 are dismissed as moot.

DATED: Honolulu, Hawai'i, November 28, 2018.

Chief Judge

Associate Judge

Associate Judge

5